**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH VAGLICA,<br><br>      Defendant. | Criminal Action No. 23-429 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 9, 2024)

Defendant Joseph Vaglica faces trial on five misdemeanor counts for his alleged conduct during the insurrection at the United States Capitol on January 6, 2021.  *See* ECF No. 9.  His trial is scheduled to begin in this District on September 23, 2024.  ECF No. 28.  Now pending before the Court is his [35] Motion to Continue Trial or Change Venue ("Mot."), in which he asks the Court to continue his trial "until after January 20, 2025" or, in the alternative, to transfer his case to the Northern District of Ohio.  Mot. at 4.  He argues that a continuance or transfer is necessary because the "charged atmosphere of the election season" will make it impossible to empanel an impartial jury in this District until after Inauguration Day.  Mot. at 2.  However, he has failed to show any "reason for concluding that the population of Washington, D.C. [is] so aroused against [him] and so unlikely to be able to judge [his] guilt or innocence on the basis of the evidence presented at trial" that his due process rights would be violated without "a lengthy continuance or a change of venue prior to attempting selection of a jury."  *United States v. Haldeman*, 559 F.2d 31, 62 (D.C. Cir. 1976).  Accordingly, upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, this Court shall **DENY** Defendant Vaglica's motion.

---

[1] The Court's consideration has focused on the Statement of Facts in support of the Government's Criminal Complaint, ECF. No. 1-1, the Information, ECF No. 9, Defendant Vaglica's Motion to Continue Trial or Change Venue ("Mot."), ECF No. 35, and the Government's Response thereto, ECF. No. 36.

## I.     BACKGROUND

Defendant Vaglica is one of hundreds of individuals charged with federal crimes for alleged conduct during the insurrection at the United States Capitol on January 6, 2021.  *See* ECF No. 1-1.  For Defendant Vaglica's alleged role in the events of that day, the Government charged him by Information with (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); (3) Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); (4) Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  ECF No. 9.  According to the Statement of Facts accompanying the Government's Criminal Complaint, Defendant Vaglica attended the "Stop the Steal" rally hosted by then-President Donald J. Trump on January 6, and he later entered the Capitol Building unlawfully at approximately 2:25 p.m., remaining inside for about 23 minutes and appearing to hold aloft a cell phone to record video or take photographs as he walked through several rooms that were closed to the public at the time.  ECF No. 1-1.

## II.    DISCUSSION

Defendant Vaglica is entitled to a fair trial by an impartial jury.  "A fair trial in a fair tribunal is a basic requirement of due process."  *In re Murchison*, 349 U.S. 133, 136 (1955).  Accordingly, Defendant Vaglica has right to be judged by "a panel of impartial, 'indifferent' jurors" who will "lay aside" any impressions or opinions they may have about him or the crimes charged and "render a verdict based on the evidence presented in court."  *Irvin v. Dowd*, 366 U.S. 717, 722–23 (1961).  However, jurors need not "be totally ignorant of the facts and issues involved" in a case to satisfy this standard.  *Id.* at 722.  Given the availability of "swift, widespread

2

and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case." *Id.*  Accordingly, an impartial jury generally may be selected from the local community even in widely publicized cases; a "presumption of prejudice" arising from exposure to pretrial publicity and preexisting opinions about the subject matter of a criminal prosecution "attends only the extreme case." *Skilling v. United States*, 561 U.S. 358, 381 (2010).

In this case, as in most federal criminal cases, trial is scheduled to occur in the jurisdiction in which the Government alleges that the defendant committed his crimes.  *See* U.S. CONST. amend. VI (providing for trial "by an impartial jury of the State and district wherein the [defendant's] crime [is alleged to] have been committed"); *see also* U.S. CONST. art. III, § 2, cl. 3 (providing that trial shall take place in the jurisdiction "where the said Crimes [are alleged to] have been committed").

Defendant Vaglica argues that proceeding to trial in this District later this month will deny him his right to an impartial jury, and he requests two forms of relief.  First, he requests a continuance of his trial until after Inauguration Day because, he argues, with the 2024 presidential "campaign season" now "in full swing," prospective jurors' awareness of the "stakes of the election" and "fear of a repeat attack on the Capitol" will inevitably remind them of "their strongly felt political and emotional beliefs about the events of January 6."  Mot. at 1–2.  In the alternative, he requests that this case be transferred from this District to the Northern District of Ohio.  Mot. at 3–4.  Neither step is necessary in this case.

Under rare circumstances, a continuance of a trial date may be warranted to mitigate the prejudicial effects of extraordinary pretrial publicity; however, those circumstances are not present

here.  As Defendant Vaglica correctly notes, one court in this jurisdiction has granted such a continuance in a case arising from the events of January 6.  *See United States v. Nordean*, No. 21-cr-175, 2022 WL 2292062, at *1–2 (D.D.C. June 24, 2022) (TJK); Mot. at 3.  In that case, with the Government's consent, Judge Timothy J. Kelly "reluctantly" granted the continuance of a felony trial because of intense and potentially prejudicial publicity surrounding the ongoing hearings of the U.S. House of Representatives' Select Committee to Investigate the January 6 Attack on the U.S. Capitol and the expectation that the Select Committee would be publishing "a thousand potentially relevant interview transcripts to the public" during period initially scheduled for trial.  *Id.*  Defendant Vaglica argues that his case warrants a similar continuance, but this argument is unpersuasive.  There is no indication that public attention on the events of January 6 is as acute as it was during the period when Judge Kelly granted a continuance.  *See id.*  Nor is there any reason to think that specific prejudicial material will be released to the public during Defendant Vaglica's scheduled trial.  In short, Defendant Vaglica not shown good cause for a continuance here.

Defendant Vaglica's request for a change of venue also lacks merit.  Upon the defendant's motion, this Court "must transfer the proceeding against that defendant to another district if the [C]ourt is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."  Fed. R. Crim. P. 21(a).  If "extraordinary local prejudice will prevent a fair trial," transferring the case to another district is "a 'basic requirement of due process.'"  *Skilling*, 561 U.S. at 378 (quoting *Murchison*, 349 U.S. at 136).  But as Defendant Vaglica candidly acknowledges, objections to venue in this District have been "litigated widely by January 6 defendants" and "rejected in each case."  Mot. at 3.  Defendant Vaglica attempts to distinguish his venue challenge from the many similar challenges that have

preceded it by arguing that he faces "additional prejudice caused by the election season environment," which he contends will be lessened if a jury is empaneled from "a population that will be less affected by the attention of the upcoming election than the center of the federal government." Mot. at 3–4. But he offers no factual basis for this attempted distinction, resting instead on pure conjecture. Because this matter is not the "extreme case" in which insurmountable community prejudice may be presumed without direct evidence, such conjecture is not enough to show that a change of venue is warranted here. *See Skilling*, 561 U.S. at 381.

Because the defendant has the burden of demonstrating that prospective jurors are so prejudiced that they cannot render a fair verdict, it is a "well established procedure" in this Circuit to deny a request for a continuance or a change of venue that is filed before voir dire. *Haldeman*, 559 F.2d at 63–64. Instead, courts in this Circuit will consider those remedies only if the voir dire process reveals that an impartial jury in fact cannot be empaneled. *See id.*

Defendant Vaglica has not shown any evidence of "extraordinary local prejudice" that would justify departing from that practice in this case. *See Skilling*, 561 U.S. at 378. As in a similar case arising from the events of January 6 in which the Court of Appeals recently rejected a venue challenge, "nothing in the record suggests that District's jury pool ha[s] any preconceived notions about [the Defendant] or his guilt or innocence, or even who he [is]." *United States v. Webster*, 102 F.4th 471, 479 (D.C. Cir. 2024). Any risk of prejudice from proceeding to trial in this District as scheduled is therefore best addressed through "a sufficiently thorough voir dire." *United States v. Bochene*, 579 F. Supp. 3d 177, 182 (D.D.C. 2022) (RDM). Every other court in this jurisdiction to consider this issue has agreed. *See, e.g.*, *United States v. Nassif*, 628 F. Supp. 3d 169, 187–88 (D.D.C. 2022) (JDB) (denying motion to transfer and concluding that voir dire is "sufficient to root out those individualized biases that would prevent a juror from rendering a fair

verdict"), *aff'd on other grounds*, 97 F.4th 968 (D.C. Cir. 2024); *United States v. Oliveras*, No. 21-cr-738, 2023 WL 196679, at \*2, \*4 (D.D.C. Jan. 17, 2023) (BAH) (denying motion to transfer, noting that voir dire is the "primary safeguard" of the right to an impartial jury).

This Court further expects that a thorough voir dire should "be sufficient to root out any prejudice" and identify a qualified panel of impartial jurors, *United States v. Coffee*, No. 21-cr-0327, 2023 WL 4450443, at \*3 (D.D.C. July 11, 2023) (RC), notwithstanding any effect the timing of the upcoming presidential election may have on some prospective jurors' states of mind. "[I]f an impartial jury actually cannot be selected" in this District later this month, "that fact should become evident at the voir dire," at which time Defendant Vaglica will be "entitled to any actions necessary to ensure that he receives a fair trial." *Haldeman*, 559 F.2d at 63.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Vaglica's [35] Motion to Continue Trial or Change Venue is **DENIED**.

**Dated:**  September 9, 2024

    /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge