**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH VAGLICA,<br><br>Defendant. | Criminal Action No. 23-429 (CKK) |

**MEMORANDUM OPINION**
(September 12, 2024)

Defendant Joseph Vaglica is one of hundreds of individuals charged with federal crimes for alleged conduct during the insurrection at the United States Capitol on January 6, 2021. *See* ECF Nos. 1-1, 9. This Court summarized Defendant Vaglica's alleged role in the events of that day in its previous [37] Memorandum Opinion and Order. For this conduct, the Government charged Defendant Vaglica by Information with five misdemeanor offenses. ECF No. 9. Defendant Vaglica faces trial for these offenses on September 23, 2024. ECF No. 28. In advance of trial, the Government filed [34] Omnibus Motions *in Limine* ("Gov't Mot."). These motions are now pending before the Court. Defendant Vaglica has not filed a response to these motions, and the deadline for responses established in the Pretrial Scheduling Order has passed. *See* ECF No. 28. Upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **GRANT IN PART** and **DENY IN PART WITHOUT PREJUDICE** the Government's motions to the extent described in this Memorandum Opinion and shall otherwise **DEFER RULING** on the remaining motions until the relevant issues arise during trial.

---

[1] The Court's consideration has focused on the Statement of Facts in support of the Government's Criminal Complaint, ECF. No. 1-1, the Information, ECF No. 9, and the Government's Omnibus Motions *in Limine*, ECF No. 35.

## I.    DISCUSSION

District courts may grant motions *in limine* to "narrow the evidentiary issues for trial" and "eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (CKK) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings," district courts may entertain and grant such motions to decide evidentiary issues pursuant to their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984) (citing FED. R. EVID. 103(c); FED. R. CRIM. P. 12(e)).

When deciding motions *in limine*, like other evidentiary motions, this Court must assess the relevance of the proffered evidence and weigh its probative value against any factors that counsel against admissibility. FED. R. EVID. 401–03. Evidence is relevant if it tends to make any fact that "is of consequence to determining the action" more or less probable than it would be without the evidence. FED. R. EVID. 401. "Relevant evidence is admissible" unless a rule, statute, constitutional provision provides otherwise. FED. R. EVID. 402. However, the Court may exclude relevant evidence if its probative value is "substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

District courts are afforded "a wide discretion" when applying these standards to decide whether to admit evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). That discretion "extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Graves*, 850 F. Supp. 2d at 11. Accordingly, the Court has discretion "to await developments at trial before ruling" on an evidentiary issue raised in a motion *in limine*,

rather than granting the motion before trial.  *Id.* (quoting STEPHEN A. SALTZBURG ET AL., FEDERAL RULES OF EVIDENCE MANUAL § 103.02[13] (9th ed. 2006)).

Because Defendant Vaglica has not filed a timely response to the Government's motions, the Court may treat those motions as conceded.  D.D.C. LOCAL. R. CRIM P. 47(b).  However, the Court also has discretion to consider untimely responses and decide on the merits an issue that could have been deemed conceded for failure to respond.  *Id.*; *see, e.g.*, *United States v. Slatten*, 50 F. Supp. 3d 29, 31 (D.D.C. 2014) (RCL), *aff'd*, 865 F.3d 767 (D.C. Cir. 2017).

The Government's motions *in limine* address several topics and potential lines of argument. This Memorandum Opinion shall address these topics in the order presented in the Government's brief, explaining why the Court shall grant the Government's motions in part, deny them in part without prejudice, and otherwise defer ruling until the relevant issues arise at trial.  The Court's rulings in this Memorandum Opinion and the accompanying Order are based on the present record.

### A.      Camera Locations and U.S. Secret Service Procedures

The Government moves to limit the introduction of evidence related to the location of security cameras in and around the U.S. Capitol and the details of specific protocols of the United States Secret Service.  Gov't Mot. at 1–7.  The Government represents that it does not intend to elicit any information on these topics during direct examination and argues that cross-examination on these topics would therefore be impermissible under Evidence Rule 611(b).  Gov't Mot. at 2. The Government also requests that, in the interest of national security, any hearing on the admissibility of specific evidence related to these issues be conducted *in camera*.  Gov't Mot. at 7 & n.1.

This Court shall grant the Government's motions to exclude evidence of specific camera locations and Secret Service procedures.  As other courts in this District have recognized, evidence on these topics is of limited relevance or probative value in cases arising from the events of

January 6, and its introduction risks confusing the issues, wasting time, and potentially compromising compelling national security interests. *See, e.g.*, *United States v. Easterday*, No. 22-cr-404, 2023 WL 6646384, at *2 (D.D.C. Oct. 12, 2023) (JEB). Defendant Vaglica shall therefore be prohibited from introducing or eliciting evidence of the specific location of security cameras in and the U.S. Capitol and of specific Secret Service protocols or emergency procedures. To the extent that Defendant Vaglica proposes to introduce evidence related to these topics that is not directly addressed by this Memorandum Opinion and the accompanying Order, he shall do so by filing a motion for an *in camera* hearing regarding the relevant evidence.

### B.     Potential Defense Arguments

The Government's motions anticipate several potential defense arguments that the Government contends are improper. Gov't Mot. at 7–18. Specifically, the Government seeks to limit the introduction of evidence in support of any argument that the First Amendment authorized Defendant Vaglica's conduct, that the Government has engaged in improper selective prosecution related to the events of January 6, that then-President Donald J. Trump or other officers authorized Defendant Vaglica's conduct, that inaction by law enforcement officers rendered Defendant Vaglica's conduct lawful, that Defendant Vaglica is and was a person of good character, or that he was unaware of the law. *Id.* Other courts in this District have considered similar motions. *See, e.g.*, *United States v. Baez*, 695 F. Supp. 3d 94, 104–110 (D.D.C. 2023) (PLF).

The Court shall not "preemptively limit legal arguments" that Defendant Vaglica may later present to the Court in a motion for acquittal or other proper relief on the basis that his conduct was protected by the Constitution or did not fall within the prohibitions of the relevant criminal statutes. *See United States v. Griffith*, No. 21-cr-244-2, 2023 WL 2043223, at *5 (D.D.C. Feb. 16, 2023) (CKK). The Court shall therefore deny the Government's motions to the extent that they

seek preemptively to limit the legal arguments that Defendant Vaglica may present to the Court outside the presence of the jury.

However, to "narrow the evidentiary issues for trial" and "eliminate unnecessary trial interruptions," the Court shall grant, in part, the Government's motion to limit the evidence that Defendant Vaglica may introduce or elicit before the jury on certain specific topics that are of limited or no relevance and probative value in this case. *See Graves*, 850 F. Supp. 2d at 11.

First, the Court shall grant the Government's motion regarding evidence of charging decisions made in other cases arising from the events of January 6, which the Government anticipates Defendant Vaglica may seek to elicit in aid of a selective prosecution claim. *See* Gov't Mot. at 9–10. Because "the issue of selective prosecution is one to be determined by the court," it is not a proper subject for a presentation to the jury. *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983). Apart from the narrow issue of selective prosecution, the Government's charging decisions in other cases have no relevance in this case. Therefore, Defendant Vaglica shall not introduce or elicit any evidence regarding the Government's charging decisions in other cases arising from the events of January 6.

The Court shall also grant the Government's motions regarding certain evidence offered in support of "entrapment-by-estoppel" or "public authority" defenses. Gov't Mot. at 10–14. Specifically, Defendant Vaglica shall not introduce or elicit evidence that then-President Donald J. Trump's public remarks constituted permission to engage in the conduct for which he is charged in this case. As courts in this jurisdiction have repeatedly held, then-President Trump's public remarks on January 6 "cannot support an entrapment-by-estoppel or public-authority defense" in a case arising from the subsequent insurrection. *Easterday*, 2023 WL 6646384, at *2. Those defenses are "available only when the official's statements or conduct state or clearly imply that

the defendant's actions are lawful," and then-President Trump did not "state or clearly imply" in his public remarks on January 6, 2021 that entering the Capitol without authorization was "lawful." *United States v. Sheppard*, No. 21-cr-203, 2022 WL 17978837, at *9 (D.D.C. Dec. 28, 2022) (JDB).  Moreover, any attempt by a President to "sanction conduct that strikes at the very heart of the Constitution and thus immunize from criminal liability those who seek to destabilize or even topple the constitutional order" would plainly be "*ultra vires* and thus without the force of [the President's] constitutional authority."  *United States v. Chrestman*, 525 F.Supp.3d 14, 33 (D.D.C. 2021) (BAH).  Former President Trump's remarks are not admissible to support "entrapment-by-estoppel" or "public authority" defenses in this case.

The Court shall grant the Government's motion to exclude evidence that "serves only to support a jury nullification argument or verdict." Gov't Mot. at 16.  Such evidence is inadmissible because, by definition, it is irrelevant to Defendant Vaglica's guilt or innocence.  *See United States v. Gorham*, 523 F.2d 1088, 1098 (D.C. Cir. 1975).  Defendant Vaglica therefore shall not introduce or elicit evidence that serves only to support a jury nullification argument.

The Court shall grant the Government's motions regarding evidence of Defendant Vaglica's good character.  *See* Gov't Mot. at 16–18.  Because evidence of Defendant Vaglica's good character is not "pertinent" to the offenses charged in this case, he shall not introduce or elicit reputation or opinion evidence regarding his good character, except that if he chooses to testify and his character for truthfulness is attacked, he may introduce evidence consistent with the rules governing impeachment and rehabilitation of witnesses.  *See* FED. R. EVID. 404(a)(2), 607–09. And because neither "character" nor any "character trait" is "an essential element of a charge, claim, or defense" in this case, Defendant Vaglica shall not introduce or elicit evidence of specific instances of his good conduct.  *See* FED. R. EVID. 405(b).

6

Finally, the Court shall grant the Government's motion to exclude evidence that Defendant Vaglica was "ignorant of the illegality of the charged conduct."  Because ignorance of the law is not a defense in this case, evidence of Defendant Vaglica's knowledge of the illegality of the charged conduct is not relevant to his guilt or innocence.  *See Cheek v. United States*, 498 U.S. 192, 199–200 (1991) (explaining "general rule" that "ignorance of the law . . . is no defense to criminal prosecution," subject to limited exception for certain complex offenses); *Bryan v. United States*, 524 U.S. 184, 194 (1998) (distinguishing cases in which exception applied, noting that those cases involved "highly technical statutes" and presented "danger of convicting individuals engaged in apparently innocent activity").  Defendant Vaglica therefore shall not introduce or elicit evidence that he was ignorant of the illegality of the charged conduct.

Having reviewed and considered the Government's arguments, the relevant legal authority, and the entire record, the Court shall defer ruling on the Government's two remaining motions regarding potential defense arguments.

First, the Court shall defer ruling on the Government's motion to exclude evidence that may tend to suggest that Defendant Vaglica was "engaged in protected speech" while on Capitol grounds.  *See* Gov't Mot. at 7–8.  Because the potential First Amendment argument that the Government anticipates turns on "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged," that argument should not be presented to the jury, regardless of its merit or lack thereof.  *Washington*, 705 F.2d at 495.  But the factual evidence that might tend to support that argument, such as evidence that may suggest that Defendant Vaglica was recording content for a documentary film while on Capitol grounds, may nonetheless be relevant to other issues that will properly be submitted to the jury, such as the defendant's mental state during the relevant events.  The Court shall therefore

defer ruling on this issue until trial, when it will decide the admissibility of any evidence on this topic by assessing its relevance and weighing its probative value against the risk of unfair prejudice and any other factors that counsel against admissibility.  *See* FED. R. EVID. 403.

Second, the Court shall defer ruling on the Government's motion regarding evidence of inaction by law enforcement officers.  *See* Gov't Mot. at 13–15.  As the Government acknowledges, some evidence of inaction by law enforcement officers "may be relevant to Vaglica's state of mind on January 6, 2021" if he was aware of that inaction at the time of his charged conduct.  *Id.* at 15.  The Court shall rule on the admissibility of any such evidence at trial, weighing its probative value against the risk of unfair prejudice and any other factors that counsel against admissibility.  *See* FED. R. EVID. 403.

### C.    Statutes and Records

Finally, the Government moves for judicial notice and admission into evidence of "copies of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, as well as 3 U.S.C. §§ 15–18 relating to the Electoral College Certification Official Proceedings," and portions of the Congressional Record of proceedings on January 6, 2021.  Gov't Mot. at 18–19.  Because the probative value of these documents in determining Defendant Vaglica's guilt or innocence depends on what other evidence is admitted in this case, the Court shall defer ruling on the admissibility of these documents until trial.  *See* FED. R. EVID. 403.

/

/

/

/

/

/

## II.      CONCLUSION

For the foregoing reasons, the Court shall **GRANT IN PART** the Government's [34] Omnibus Motions *in Limine*, as follows:

(1)      Defendant Vaglica shall not introduce or elicit evidence of the specific location of security cameras in and around the U.S. Capitol;

(2)      Defendant Vaglica shall not introduce or elicit evidence of specific Secret Service protocols or emergency procedures;

(3)      Defendant Vaglica shall not introduce or elicit evidence regarding the Government's charging decisions in other cases arising from the events of January 6, 2021;

(4)      Defendant Vaglica shall not introduce or elicit evidence that serves only to support a jury nullification argument;

(5)      Defendant Vaglica shall not introduce or elicit evidence of then-President Donald J. Trump's public remarks to show that those remarks gave Defendant Vaglica permission to engage in the conduct for which he is charged in this case;

(6)      Defendant Vaglica shall not introduce or elicit reputation or opinion evidence regarding his good character, except that if he chooses to testify and his character for truthfulness is attacked, he may introduce evidence consistent with the rules governing impeachment and rehabilitation of witnesses;

(7)      Defendant Vaglica shall not introduce or elicit evidence of specific instances of his good conduct; and

(8)      Defendant Vaglica shall not introduce or elicit evidence that he was ignorant of the illegality of alleged conduct charged in this case.

The Court shall **DENY IN PART WITHOUT PREJUDICE** the Government's [34] Omnibus Motions *in Limine* to the extent that they seek preemptively to limit the legal arguments that Defendant Vaglica may present to the Court outside the presence of the jury.

Finally, the Court shall **DEFER RULING** on the remainder of the Government's [34] Omnibus Motions *in Limine* until the relevant issues arise during trial.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:**  September 12, 2024

                                          /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge