UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JOSEPH VAGLICA,<br>            Defendant. | Criminal Action No. 23-429 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 13, 2024)

Defendant Joseph Vaglica is one of hundreds of individuals charged with federal crimes for alleged conduct during the insurrection at the United States Capitol on January 6, 2021. *See* ECF Nos. 1-1, 9. This Court summarized Defendant Vaglica's alleged role in the events of that day in a previous [37] Memorandum Opinion and Order. For this conduct, the Government charged Defendant Vaglica by Information with five misdemeanor offenses, including Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1), and Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2). ECF No. 9. Defendant Vaglica faces trial for these offenses on September 23, 2024. ECF No. 28. Pending before the Court is Defendant Vaglica's [38] Motion to Hold Case in Abeyance Until Circuit Decision ("Def.'s Mot." or the "Motion"). In that Motion, he requests that the Court stay this case until the D.C. Circuit Court of Appeals issues a decision in *United States v. Griffin*, No. 22-3042 (D.C. Cir. argued Dec. 4, 2023), "and/or" *United States v. Christie*, No. 23-3234 (D.C. Cir. filed Dec. 21, 2023). Def.'s Mot. at 1. Upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Defendant Vaglica's Motion.

---

[1] The Court's consideration has focused on Defendant Vaglica's Motion to Hold Case in Abeyance Until Circuit Decision, Def.'s Mot., ECF No. 38; the Government's Response thereto, Gov't's Resp., ECF No. 48; Defendant Vaglica's Reply, Def.'s Reply, ECF No. 49; the Defendant's Brief Regarding *Mens Rea* Requirement in 18 U.S.C. § 1752(a), Def.'s Br., ECF No. 44; and the Government's Response and Memorandum on the *Mens Rea*

1

**I.     BACKGROUND**

Two of the offenses the Government has charged in this case involve "knowingly" engaging in certain prohibited conduct in any "restricted building or grounds." *See* ECF No. 9; 18 U.S.C. § 1752(a)(1)–(2).  The term "restricted building or grounds" is defined in a separate paragraph of the relevant statute to mean, as relevant here, "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

The parties in this case disagree about whether, to prove these two offenses, the Government must prove beyond a reasonable doubt that Defendant Vaglica knew that a "person protected by the Secret Service" — for example, former Vice President Michael R. Pence — was or would be present at the U.S. Capitol at the time of the charged conduct.  Defendant Vaglica's position is that knowledge of the presence of a person protected by the Secret Service is an element of the offense.  Def.'s Mot. at 2.  The Government's position is that the *mens rea* requirement does not extend to knowledge of a protectee's presence; in the Government's view, it is enough that the Defendant knowingly engaged in the conduct described in 18 U.S.C. § 1752(a), that the Defendant knew the area was "posted, cordoned off, or otherwise restricted," and that a "person protected by the Secret Service" was in fact present.  Gov't's Resp. at 3 n.1; Gov't's Br. at 1–2.  Consistent with their respective positions, Defendant Vaglica and the Government have proposed differing jury instructions on the elements of the two charged offenses in violation of 18 U.S.C. § 1752(a). ECF Nos. 42-1, 43.

---

Requirement under Counts One and Two, Gov't's Br., ECF No. 50, the Government's Proposed [Jury] Instruction for the Elements, ECF No. 42-1, Defendant Vaglica's Proposed Jury Instructions, ECF No. 43, the Statement of Facts in support of the Government's Criminal Complaint, ECF. No. 1-1; and the Information, ECF No. 9.

Courts in this District have come to different conclusions on this issue. *See United States v. Easterday*, No. 22-cr-404, ECF No. 111 at 20–22 (D.D.C. Apr. 8, 2024) (JEB) (collecting cases). Several have concluded, consistent with Defendant Vaglica's position, that knowledge of the presence of a Secret Service protectee is an element of the offense for which the Government must prove that the defendant acted "knowingly." *See, e.g.*, *United States v. Groseclose*, __ F.Supp.3d __, 2024 WL 68248, at *2–9 (D.D.C. Jan. 5, 2024) (CRC). Several others have concluded instead that the presence of a Secret Service protectee is not an element of the offense, but rather a purely jurisdictional provision to which the *mens rea* requirement does not attach. *See, e.g.*, *United States v. Carnell*, 2024 WL 639842, at *5–14 (D.D.C. Feb. 15, 2024) (BEH) (citing *Rehaif v. United States*, 588 U.S. 225, 230 (2019)).

Defendant Vaglica identifies two cases currently pending before the Court of Appeals in which that court may settle this issue for this Circuit. *See* Def.'s Mot. at 1. One of these cases, *United States v. Griffin*, No. 22-3042 (D.C. Cir. argued Dec. 4, 2023), has been ripe for decision for more than nine months. The other, *United States v. Christie*, No. 23-3234 (D.C. Cir. filed Dec. 21, 2023), has not yet been scheduled for oral argument.

**II.     DISCUSSION**

A stay of proceedings is not granted as a matter of right, but rather as an exercise of the Court's discretion and "inherent power . . . to control the disposition of the causes on its docket" while balancing considerations of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. If there is "even a fair possibility" that a stay would "work damage" to another party, a party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. "Only in rare circumstances will a litigant in one cause be compelled

3

to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*  Ultimately, "the question of whether to stay a particular case is inextricably intertwined with the nature of the specific case." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016) (CKK).

The Court is not persuaded to grant a stay under the circumstances presented here.  As the Government argues, a stay would plainly harm its interests because "as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect . . . events clearly at trial." Gov't's Resp. at 5 (first alteration in original) (quoting *United States v. González-Valencia*, No. 16-cr-065-1, 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022) (BAH)).  Defendant Vaglica therefore has the burden of making a "clear case" that proceeding to trial would cause "hardship or inequity." *See Landis*, 299 U.S. at 254.  He has made no such case.

First, Defendant Vaglica has not shown that denying this Motion will cause undue hardship.  The hardship that he argues he will suffer by being required to proceed — potentially being required to undergo a second trial — will arise only if this Court adopts the government's proposed jury instructions on the elements of the two offenses in violation of 18 U.S.C. § 1752(a), the jury convicts him of those offenses, and the Court of Appeals later hands down a contrary decision that adopts his position on the elements of those offenses.  *See* Def.'s Mot. at 2–3.  The best way to avoid this hardship is not to delay trial, but instead to instruct the jury correctly on the elements of the § 1752(a) offenses and ensure that it makes all the findings the statute requires.  The Court will craft appropriate instructions, informed by the parties' able briefing, in due course.

Second, Defendant Vaglica has not shown that denying his Motion would cause "inequity." He filed the pending Motion on September 9, 2024, only two weeks before the date set for the start of trial and nearly eight weeks after the deadline for non-evidentiary pretrial motions established

in the Court's [27] Pretrial Scheduling Order. *See* Def.'s Mot. Under these circumstances, equitable considerations counsel against, rather than in favor of, staying the proceedings in this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Vaglica's [38] Motion to Hold in Abeyance Until Circuit Decision is **DENIED**.

**Dated:** September 13, 2024

                                                  /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge